UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-81427-MATTHEWMAN

FILED BY SW D.C.
Aug 31, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

VIRGINIA JOHNSON, on behalf of herself and others similarly situated,

Plaintiff,

v.

MEDIGAP LIFE, LLC,

Defendant.
_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [DE 48]**

**THIS CAUSE** is before the Court upon the following: (1) Defendant Medigap Life, LLC's ("Defendant") Motion for Sanctions ("Motion") [DE 48]; (2) Plaintiff Virginia Johnson's ("Plaintiff") Response [DE 52]; (3) Defendant's Reply [DE 58]; (4) the Court's July 25, 2023 Paperless Order Granting Plaintiff's Motion for Surreply [DE 61]; (5) Plaintiff's Surreply to Defendant's Motion for Sanctions [DE 62]; and (6) Defendant's Response to Plaintiff's Surreply [DE 63]. The Court held a lengthy hearing on the Motion via Zoom Video Teleconference, on August 29, 2023. Thus, the matter is fully ripe for the Court's determination.

## I. BACKGROUND

On September 13, 2022, Plaintiff Virginia Johnson (Plaintiff) filed a Class Action Complaint against Medigap Life, LLC ("Defendant" or "Medigap"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. [DE 1] Shortly after the parties consented to Magistrate Judge jurisdiction, on December 29, 2022, Defendant filed a Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration [DE 34]. Likewise, on December 30, 2022, Defendant also filed a Motion to Stay Non-Arbitration Discovery Pending

Ruling on Motion to Compel Arbitration [DE 35]. At the time of filing, both motions were opposed. *See* DEs 34; 35.

Accordingly, on January 9, 2023, Plaintiff filed a Response in Opposition to the Motion to Stay Non-Arbitration Discovery Pending Ruling on Motion to Compel Arbitration [DE 37]. Then, however, Plaintiff filed a Notice of No Opposition to the Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration [DE 38]. Thus, the Court entered the following Paperless Order:

> PAPERLESS ORDER: This matter is before the Court pursuant to: (1) Defendant's Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration ("Motion to Compel Arbitration") [DE 34]; and (2) Defendant's Motion to Stay Non-Arbitration Discovery Pending Ruling on Motion to Compel Arbitration ("Motion to Stay") [DE 35]. Within Defendant's Motion to Compel Arbitration, Defendant requests that the Court "enforce Plaintiff's arbitration agreement, grant the instant motion, and dismiss this action." [DE 34 at 11]. While Plaintiff has filed a Notice of No Opposition [DE 38] to Defendant's Motion to Compel Arbitration and has therefore seemingly agreed that the case should be dismissed, Plaintiff has confusingly simultaneously filed a "Response to Defendant's Motion to Stay" [DE 37], indicating that Plaintiff is requesting the Court to direct Defendant "to participate in discovery relevant to the motion to compel arbitration." [DE 37 at 2]. Thus, Plaintiff's position in both the Notice of No Opposition [DE 38] and the Response to Defendant's Motion to Stay [DE 37] appears to be contradictory. Accordingly, on or before January 20, 2023, Plaintiff shall file a Notice with the Court, clarifying her position on the status of the case and on the two motions. Should either of Defendant's motions remain contested, the Court will hear argument on the motions during the January 31, 2023 status conference.

[DE 39].

Subsequently, on January 20, 2023, Plaintiff filed a Notice of No Opposition [DE 42], stating that she did not oppose either of Plaintiff's motions—that is, DE 34 or 35. But because the matter was still not sufficiently clarified, the Court issued the following additional Paperless Order:

> PAPERLESS ORDER: This matter is before the Court pursuant to Plaintiff Virginia Johnson's Notice of No Opposition [DE 42]. Previously, Defendant Medigap Life, LLC filed a Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration [DE 34]. While the Motion to Compel Arbitration

> discussed dismissing *or* staying the case, Defendant argued that the Court should *dismiss* the case rather than stay it, ultimately requesting that the Court "enforce Plaintiff's arbitration agreement, grant the instant motion, and dismiss this action." [DE 34 at 11]. Plaintiff thereafter filed a January 12, 2023 Notice of No Opposition [DE 38], stating that she "provide[d] notice of no opposition to Defendant's motion to compel arbitration and to stay these proceedings pending arbitration." [DE 38 at 1]. However, noticeably absent from Plaintiff's Notice of No Opposition [DE 38] was any mention of the dismissal aspect of Defendant's Motion to Compel Arbitration. Although the Court's January 13, 2023 Paperless Order [DE 39] referenced this dismissal language, Plaintiff's January 20, 2023 Notice of No Opposition [DE 42] indicated that Plaintiff did not oppose either DE 34 or DE 35, and again did not reference the dismissal aspect of Defendant's Motion to Compel Arbitration. Thus, it is still somewhat unclear to the Court whether Plaintiff opposes *dismissal*. Accordingly, the January 31, 2023 Status Conference shall remain in place to briefly discuss this matter. To log in through ZoomGov Meeting, use Meeting ID: 160 540 3826 and Passcode: 246129.

[DE 43]. Plaintiff thereafter filed a (Joint) Stipulation of Dismissal [DE 44], stating that the parties "stipulate[d] to the dismissal of this action with prejudice as to Plaintiff's individual claims and without prejudice as to any other member of the putative class's right to bring claims." [DE 44 at 1]. The Court thus canceled the hearing [DE 45] and entered an Order of Dismissal. [DE 46].

## II. MOTION, RESPONSE, REPLY, SURREPLY, RESPONSE TO SURREPLY

### a. Defendant's Motion for Sanctions [DE 48]

Defendant Medigap's position is that "[t]his is the classic case of a lawyer improperly wielding the class action mechanism as a sword to extort money out of a defendant despite knowing his client's claims are frivolous, flouting this Court's rules in the process." [DE 48 at 2]. In this regard, Defendant argues that Plaintiff filed this case despite consenting multiple times to being contacted by Defendant. Specifically, Defendant claims that it transmitted evidence of Plaintiff's prior consent even before the suit was filed, and that on November 23, 2022, it provided three additional instances of consent from Facebook pages. *Id.* However, Plaintiff's counsel purportedly "served overbroad class discovery in [an] attempt to drive up [Defendant's] defense

costs and attempted to extort [Defendant] to pay tens of thousands of dollars to settle this putative class action on an individual basis." *Id.*

This led to Defendant filing a Motion to Compel Arbitration, which then ultimately resulted in Plaintiff's Notice of No Opposition being filed the day before Plaintiff's Response was due. *See id.* Defendant therefore argues that "Plaintiff's counsel's bad-faith conduct forced [Defendant] to incur an additional $52,520 in attorneys' fees and $445 in costs, which represents the litigation expenses Medigap incurred in this case after November 28, 2022 (plus additional fees and costs preparing this motion to be detailed once it is fully briefed)." *Id.* And, Defendant requests such fees and costs as a sanction pursuant to 28 U.S.C. § 1927 because Plaintiff's counsel "unreasonably and vexatiously" multiplied the cost of the legal proceedings.[1]

b. Plaintiff's Response [DE 52]

Plaintiff begins by stating that Defendant's Motion for Sanctions, "which the parties met and conferred about in March and [Defendant] didn't file until June, is based on the false premise that the purported consent identified in its counsel's November 23, 2022 letter must be valid consent for [Defendant] to have called Plaintiff . . . . But it isn't." [DE 52 at 1]. Specifically, Plaintiff claims that she did not provide her information to Defendant through the website or the Facebook ads identified in the letter Defendant's counsel sent on November 23, 2022 and that Plaintiff's counsel therefore did not "unreasonably or vexatiously multiply the proceedings by refusing to dismiss Plaintiff's claims by November 28, 2022 as demanded by the letter." *Id.*

As to the February 3, 2022 visit to the website Defendant identifies, Plaintiff claims that her web history shows she did not visit that website and that her IP address is different than the one listed. *Id.* at 2. Moreover, as to the Facebook ads, Plaintiff claims that her Facebook activity

[1] Defendant also seeks sanctions pursuant to the Court's inherent authority, and pursuant to Southern District of Florida Local Rule 7.1(a)(3).

shows that she did not respond with her personal identifiable information to those ads. *Id.* at 3. Thus, Plaintiff maintains it was reasonable not to dismiss her suit by November 28, 2022. *Id.* Indeed, Plaintiff argues that it was not until December 29, 2022—in connection with the Motion to Compel Arbitration—that Defendant produced a sworn declaration with evidence of a website visit made on January 26, 2022 "that did in fact occur to a website that identified Medigap as a company obtaining potential consent to make telemarketing calls." *Id.* at 4. Thus, at that point, Plaintiff states "the case was dismissed, as was appropriate." *Id.*

Moreover, according to Plaintiff, "[t]he only substantive action in this case by Medigap after it filed its motion to compel arbitration on December 29, 2022 but before Plaintiff agreed to dismissal, was the December 30, 2022 filing by Medigap of its motion to stay discovery pending a ruling on its motion to compel arbitration, regarding which the parties had conferred more than one week earlier, on December 21, 2022, at the time they conferred regarding the motion to compel arbitration." *Id.* Accordingly, as stated by Plaintiff, "[t]he fact that Medigap was entitled to rely on the arbitration provision from the job listings website was not affirmatively demonstrated until December 29, 2022 when Medigap filed its motion to compel arbitration supported by its lead vendor's sworn declaration averring that Medigap was a marketing partner ostensibly entitled to rely on the website's terms on the date in question." *Id.* at 5. Thus, Plaintiff argues that "Medigap's motion is grounded in speculation and disbelief that is inconsistent with the evidence of what actually occurred. There is no objective basis to conclude that sanctions should be entered." *Id.* at 11.

c. Defendant's Reply [DE 58]

It is Defendant's position that "[b]y trying to obfuscate admissions that would have alerted a reasonable attorney to the fact their allegations were frivolous, counsel confirms sanctions are

appropriate for at least three reasons, only one of which they even address in their Response." [DE 58 at 1]. First, according to Defendant, "Plaintiff's Response confirms that her counsel continued to litigate this case after they *admittedly* knew that their client consented to receive the very communications she sued about." *Id.* at 2. Second, "Plaintiff's Response fails to dispute that sanctions are also appropriate for counsel's repeated violations of the local rules and this Court's order to meaningfully meet and confer, which could have prevented most of the expenses Medigap had to incur." *Id.* And third, "Plaintiff's Response doesn't plausibly dispute that this case was frivolous from the start or that counsel *knew* all that when Medigap sent its November 23 letter." *Id.* at 3.

Consequently, as stated by Defendant, "[a]t bottom, Plaintiff's Response confirms that counsel should reimburse Medigap for the expenses they vexatiously forced Medigap to incur in the hopes it would keel to an extortionate settlement demand, including the costs of filing this motion. The only question is how much. All expenses incurred from December 29 onward, or all expenses incurred after November 23?" *Id.* On this matter, although Defendant argues that the information upon which Plaintiff eventually dismissed the suit was presented via email on December 20, 2022 and via the meet and confer the next day, *id.* at 7, Defendant notes that Plaintiff's counsel "refused to consent to stay discovery pending resolution of Medigap's motion to compel arbitration" even after December 29, 2022. *Id.*

d. <u>Plaintiff's Sur-Reply [DE 62]</u>

Plaintiff argues that Defendant's Motion "should be denied because the evidence demonstrated that in this case Plaintiff's counsel thoroughly investigated each of Medigap's claims of consent, and litigated the matter in a reasonable manner consistent with the results of those investigations and the requirements of the case." [DE 62 at 2]. As to the purported web-based

consent, Plaintiff states the November 23, 2022 letter identifies the device type and browser involved, for which Plaintiff's counsel "obtained the IP address for Plaintiff's only mobile device and the Chrome browser web history from that device." *Id.* Moreover, with respect to the Facebook consent, "Plaintiff's counsel obtained the Plaintiff's Facebook activity history, which is the only form of Facebook usage history Plaintiff's counsel is aware of." *Id.* at 3. Indeed, as stated by Plaintiff, "[w]hile nearly one month later, Medigap dredged up another website that Plaintiff did ultimately visit, there was nothing else Plaintiff's counsel could have or should have done to investigate the allegations in Medigap's November 23 letter." *Id.*

Further, Plaintiff's counsel maintains that he did not act unreasonably despite ultimately dismissing the case. *Id.* at 4. Plaintiff's counsel again states the first time any evidence was presented that demonstrated consent was on December 29, 2022, and that, "even then it was inadequate to satisfy Medigap's burden regarding its consent defense or to compel arbitration." *Id.* On this matter, Plaintiff's counsel notes that on December 21, 2022—when the parties conferred regarding Defendant's Motion to Compel Arbitration—Defendant's counsel purportedly provided two screenshots of a webform from a job listing website, and the job listing website's terms and conditions that included an arbitration provision. *Id.* However, "the job listing website's screenshots and terms and conditions did not identify Medigap or otherwise provide a list of third party 'Marketing Partners' entitled to enforce the terms and conditions." *Id.*

While on December 29, 2022, Medigap filed a Motion to Compel Arbitration together with a declaration from its "lead generator, Fluent" stating that the job listing website's terms and conditions would have included Medigap as a Marketing Partner on the date in question, "[g]iven Plaintiff's counsel's knowledge regarding Fluent's prior, fraudulent conduct in connection with generating web based leads, and Fluent's failure to attach any of the purported business records on

which its declarant's declaration was based, Plaintiff's counsel issued a subpoena to Fluent." *Id.* at 5. Accordingly, Plaintiff's counsel maintains that ultimately deciding to not oppose the Motion to Compel Arbitration until January 12, 2023, was reasonable. *Id.*

And finally, Plaintiff's counsel states that he adequately conferred in this case, as Defendant's argument is based upon the false premise that Plaintiff's counsel should have agreed to dismiss the case sooner. *Id.* at 5–6. In sum, Plaintiff's counsel argues that he "thoroughly investigated each of Medigap's purported consents, litigated the case as dictated by the results of those investigations and the schedule, and dismissed the case even when it could have reasonably continued litigation because Medigap failed to satisfy its burden to demonstrate that it was entitled to enforce the job listings website's terms and conditions." *Id.* at 6.

e. Defendant's Response to Sur-Reply [DE 63]

Defendant's Response to Plaintiff's Surreply is aptly summed up by Defendant as follows:

> Plaintiff's Surreply is a last-ditch attempt to address issues raised in Medigap's Motion for Sanctions that Plaintiff ignored in her Response. Plaintiff's attempt not only fails, but it also confirms her counsel's bad faith conduct. First, Plaintiff's Surreply underscores that she vexatiously expanded proceedings by failing to adequately investigate the four separate evidences of consent Medigap presented in its November 23 letter. For example, counsel *concedes* that they failed to even review their client's relevant search history to determine whether she consented, even after Medigap had provided undeniable evidence of the same. Second, despite previously admitting that the Motion to Compel included everything they needed to dismiss the case, Plaintiff's counsel now inexplicably claims they were justified in further "investigating" that consent. But counsel's after-the-fact explanation defies logic because it confirms (if true) that they never bothered to complete the very investigation they now claim they needed. They instead chose to dismiss Plaintiff's claims *with prejudice* after filing non-oppositions to Medigap's then-pending Motions to Compel Arbitration and Stay Class Discovery. Indeed, had counsel legitimately questioned whether Plaintiff consented, a host of ethical rules would've prohibited them from just dismissing her claims with prejudice before completing their investigation. Third, Plaintiff's counsel *still* doesn't provide any legitimate justification for their many refusals to meet and confer in violation of the Court's order and the local rules.

> Plaintiff's Surreply thus confirms that Plaintiff vexatiously expanded the proceedings in several independent ways. The Court should impose sanctions accordingly.

[DE 63 at 2].

## III. ANALYSIS

The burden of proof for imposing fees as a sanction under the Court's inherent authority and under 28 U.S.C. § 1927 is clear and convincing evidence that sanctions are justified. *Weinstock v. Storm Tight Windows, Inc.*, 20-CV-60256, 2021 WL 3239460, at *6 (S.D. Fla. July 20, 2021), *report and recommendation adopted*, 20-60256, 2021 WL 3203536 (S.D. Fla. July 28, 2021); *GE Med. Sys. S.C.S. v. SYMX Healthcare Corp.*, 18-cv-20922, 2021 WL 821433, at *20 (S.D. Fla. Mar. 4, 2021); *In re Engle Cases*, 283 F. Supp. 3d 1174, 1225 (M.D. Fla. 2017). It is within the Court's discretion to award fees under 28 U.S.C. § 1927 or under the Court's inherent authority. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach.").

A motion seeking sanctions under the Court's inherent powers or 28 U.S.C. § 1927 requires a showing of bad faith conduct. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018)). "In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith." *Id.* (citing *Hernandez*, 898 F.3d at 1306; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)). Whereas under 28 U.S.C. § 1927, the party moving for sanctions must show *objective* bad faith. *Id.* (citing *Amlong*, 500 F.3d at 1239–41). Although there are different standards and criteria for establishing bad faith under 28 U.S.C. § 1927 and the Court's inherent authority, it is clear that if the Court lacks discretion to sanction a party or individual pursuant to 28 U.S.C. § 1927, then the Court also lacks discretion to sanction him or her pursuant to the Court's

inherent powers. *See Flores v. Park W. Parking LLC*, 06-22055-CIV, 2008 WL 11409098, at *9 (S.D. Fla. Feb. 1, 2008) ("[T]he court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927.") (quoting *Amlong*, 500 F.3d at 1239).

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To justify the grant of attorneys' fees under 28 U.S.C. § 1927, the Court must find that (1) the attorney engaged in unreasonable and vexatious conduct; (2) such conduct multiplied the proceedings; and (3) the amount of the award does not exceed the costs, expenses, and attorneys' fees reasonably incurred due to such conduct. *Goode v. Wild Wing Cafe*, 588 F. App'x 870, 874 (11th Cir. 2014) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

As stated *supra*, awarding fees pursuant to § 1927 requires clear and convincing evidence establishing objective bad faith conduct. *See Hyde*, 962 F.3d at 1310; *Weinstock*, 2021 WL 3239460, at *6. A showing of objective bad faith "[u]sually . . . means an attorney acted 'knowingly or recklessly.'" *Hyde*, 962 F.3d at 1310 (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)). "The statute imposes a 'high standard' that requires the moving party to show that the other side engaged in behavior that 'grossly deviates from reasonable conduct.'" *Id.* (quoting *Amlong*, 500 F.3d at 1242).

Here, turning first to sanctions under 28 U.S.C. § 1927, after reviewing the parties' papers and hearing argument of counsel during the August 29, 2023 Zoom VTC hearing, the Court finds that Defendant has failed to sufficiently demonstrate objective bad faith conduct on behalf of Plaintiff's counsel. Indeed, while it is abundantly clear to the Court that there is animosity between

the attorneys in this case, and while the conduct of Plaintiff's counsel was disappointing and frustrating to the Court, Defendant has failed to establish clear and convincing evidence that the actions of Plaintiff's counsel constituted objective bad faith or that Plaintiff's counsel's actions in this case grossly deviated from reasonable conduct. *Hyde*, 962 F.3d at 1310. While it is also clear the uncooperative conduct of Plaintiff's counsel may have contributed to additional briefing in this case, there is simply insufficient evidence to establish that Plaintiff's counsel acted with objective bad faith such that an award of fees is proper under 28 U.S.C. § 1927. In fact, during the hearing, Plaintiff's counsel explained his purported investigative process in this case, which the Court finds marginally sufficient under the facts of this case. Thus, simply stated, the Court finds that Defendant has not cleared the "high standard" for sanctions under 28 U.S.C. § 1927. *See Hyde*, 962 F.3d at 1310. Likewise, because the Court finds sanctions unwarranted under section 1927, the Court also finds the imposition of sanctions improper under the Court's inherent authority, *see Flores*, 2008 WL 11409098, at *9, especially considering Defendant has additionally failed to sufficiently demonstrate subjective bad faith conduct on behalf of Plaintiff's counsel. *See Hernandez*, 898 F.3d at 1306.

This order does not constitute an approval of Plaintiff's counsel's practice of not fully conferring with opposing counsel. The Court is concerned that Plaintiff's counsel's actions in this case (including his failure to fully, properly and timely confer with opposing counsel) tied to the Motion to Compel Arbitration and to Dismiss or Stay Proceedings Pending Arbitration [DE 34] and the Motion to Stay Non-Arbitration Discovery Pending Ruling on Motion to Compel Arbitration [DE 35] are questionable, frustrating, and not up to the high standards this district expects from counsel. The Court had to issue more than one order to get a straight answer from Plaintiff's counsel. *See* DEs 39; 43. The actions of Plaintiff's counsel in relation to DE 34 and DE

35 exhibit his unwillingness to engage in proper, good faith conferral, and likely resulted in additional fees incurred by Defendant. For this reason, this Court has closely considered imposing sanctions on Plaintiff's counsel, Avi Kaufman, Esq., for his failure to fully and properly confer as required by S.D. Fla. L.R. 7.1(a)(3).

Plaintiff's counsel's dilatory practice in opposing the motions and then later not opposing them could certainly justify reasonable expenses, including reasonable attorneys' fees under that Local Rule. However, Defendant's counsel, Ryan Watstein, Esq., was dilatory in filing the motion for sanctions. Therefore, the Court finds that under Local Rule 26.1(g)(2), any request for reasonable expenses, including reasonable attorneys' fees, is untimely.[2] To this end, this case was dismissed on January 30, 2023. [DE 44]. However, Defendant did not file its Motion for Sanctions (based, in part, upon discovery matters tied to the Motion to Compel Arbitration and Motion to Stay Non-Arbitration Discovery) until June 7, 2023—well outside the twenty-eight (28) day period for bringing a discovery dispute. *Compare* DE 46, *with* DE 48. There is no justification for Defendant's counsel to have waited almost five (5) months to file Defendant's Motion for Sanctions. Thus, the Court declines to sanction Plaintiff's counsel under 28 U.S.C. § 1927, pursuant to the Court's inherent authority, or under the Local Rules.[3]

[2] While an argument could be made that Local Rule 26.1(g)(2) does not apply—as the Motion to Compel Arbitration and Motion to Stay Non-Arbitration Discovery are not true discovery motions—the Court notes that both motions are tangentially related to discovery and pertain to a lack of conferral concerning discovery in the case. The Court therefore finds that, under the unique facts of this case, Local Rule 26.1(g)(2) is applicable, and that Local Rule 26.1(g)(2) must therefore be read *in pari materia* with Local Rule 7.1(a)(3). Regardless, assuming Local Rule 26.1(g)(2) does *not* apply, the Court still finds that Defendant's counsel was dilatory in filing the Motion and is not entitled to sanctions as contemplated by Local Rule 7.1(a)(3).

[3] Although jurisdiction was not raised by either party, and while the Court did not retain jurisdiction upon dismissal of the case, "district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021). This would seemingly include sanctions under section 1927. However, at least one Court has declined to award fees or costs under section 1927 where the parties did not request that the Court retain jurisdiction upon dismissing the case. *See In re Micron Devices, Inc.*, 638 B.R. 649, 656 n.16 (Bankr. S.D. Fla. 2021). The *In re Micron* case would only serve as a further basis to deny Defendant's Motion [DE 48].

## IV. CONCLUSION

This case started when Plaintiff claimed she received unwanted phone calls. *See* DE 1. After much back and forth between Plaintiff's counsel, Avi Kaufman, and Defendant's counsel, Ryan Watstein, Plaintiff ultimately dismissed her complaint with prejudice. The attorneys involved in this case have many prior and current cases together and obviously dislike each other greatly. Such acrimony only serves to increase the complexity, duration, costs and expenses of the litigation. It is certainly not in the interest of judicial or attorney economy. Mr. Kaufman is cautioned that future failures to confer fully and in good faith in other cases in this district may subject him to sanctions. The Court frankly cannot fathom how a simple TCPA case like this can engender such animosity between the parties' counsel. It is not how the practice of law is supposed to be and perhaps in the future—in other cases where Mr. Kaufman and Mr. Watstein oppose one another—counsel will seriously consider the words of the Introductory Statement to our Local Rules:

> Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida. Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility. For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

S.D. Fla. L.R. Introductory Statement.

In any event, the Court has carefully considered the relevant law, Defendant's Motion [DE 48], Plaintiff's Response [DE 52], Defendant's Reply [DE 58], Plaintiff's Surreply to Defendant's Motion [DE 62], Defendant's Response to Plaintiff's Surreply [DE 63], and the argument of counsel during the August 29, 2023 Zoom VTC hearing, as well the entire docket in this case. Based on the foregoing, as stated above, it is hereby **ORDERED** that Defendant's Motion [DE 48] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of August, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge